**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 96-30594

---

JERRY BONNEAU; JERRY BONNEAU, MRS.;
ELLIS ERWIN; ELLIS ERWIN, MRS.;
CHARLES AMES; J. W. WILLIAMS,

Plaintiffs-Appellants,

versus

FARM CREDIT BANK OF TEXAS,
doing business as FCS Servicing;
AGAMERICA FCB doing business as
FCS Servicing; AG FIRST FARM
CREDIT BANK doing business as
FCS Servicing; AGRIBANK FCB;
COBANK doing business as FCS
Servicing; FARM CREDIT BANK OF
WICHITA doing business as FCS
Servicing; ST. PAUL BANK doing
business as FCS Servicing;
WESTERN FARM CREDIT BANK doing
business as FCS Servicing,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-12)

---

March 13, 1997

Before GARWOOD, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants ("Makers") in this uncertified class action suit complain on appeal that the district court erred in granting motions — the first filed by Farm Credit Bank of Texas (FCBT) and the rest seriatim by the remaining defendants — to dismiss the Makers' action pursuant to Federal Rule of Civil Procedure 12(b)(6). More specifically, the Makers have urged on appeal that their pleadings were sufficient to entitle them to go forward with efforts to prove that the defendants had (1) breached loan contracts by failing to adjust the interest rates on promissory notes executed by the Makers, (2) breached fiduciary duties owed to the Makers, and (3) violated the RICO and mail fraud statutes of the United States.

After hearing the oral arguments of counsel, reviewing the Makers' pleadings, studying the briefs of the parties and the record, such as it is at the Rule 12(b)(6) level, and analyzing the opinion of the district court, our plenary review of this case convinces us beyond doubt that the Makers can prove no set of facts under their pleadings that would entitle them to any of the relief

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

sought.

The Makers' positions are grounded in the contention that their respective promissory notes given to the now-defunct Federal Land Bank of Jackson (FLBJ), which was put into receivership by the Farm Credit Administration (FCA), were "variable interest rate" notes. Stripped of all obfuscatingly complex mischaracterizations and misapprehensions, that contention is facially false. Unlike true variable interest rate notes, the interest on which fluctuates on the basis of objective economic indicia, either at stated intervals or on objectively determined occurrences — and not on the volition of one of the parties alone — the instant notes were, as a matter of law, tantamount to fixed rate notes bearing interest at the most recent rate established from time to time by the FLBJ if, but only if, the FLBJ exercised its unilateral option — not obligation — to change that rate. No future holder of the notes, such as the FCBT, was empowered to take any action to vary the interest rate of the note, whether up or down, from the interest rate last established by the FLBJ. Neither did any maker of a note have the contractual right to insist that the interest rate on his note be varied.

The operable facts alleged or implied by the Makers in the pleadings and accepted as true for Rule 12(b)(6) purposes are that (1) after the FLBJ went into receivership, at a time when its established interest rate for such loans was 12.25% per annum, the Makers' notes were acquired by the FCBT; (2) the established

3

interest rate at the FLBJ had not changed for several years prior to such acquisitions, has never changed since, and is unlikely ever to be changed, given FLBJ's insolvency and receivership status; (3) the interest rate of 12.25%, which had been in effect since 1985, was therefore going to be treated by the FCBT as "fixed" (not converted unilaterally by the FCBT to a fixed rate note) because FCBT did not have the right under either the contract documents or federal law to adjust the interest rates on the notes; (4) the Makers' stock in the FLBJ had been retired by its receiver and the stock's par value applied to reduce the balance of the Makers' loans; and (5) the FCBT had invited each Maker and all others similarly situated to join the FCBT in executing a modification agreement that would, inter alia, authorize the FCBT to adjust interest rates on such notes (a result of which would be an immediate reduction to 11.25% per annum) and to become members of the FCBT's farm bank cooperative by purchasing stock therein —— which could be accomplished without additional cash outlay from the Makers by their authorizing the FCBT to transfer the par value of the Makers' former stock in the FLBJ (which had been credited previously to their loan balance) to finance the purchase of stock in the FCBT, thereby further reducing the interest rates on the Maker's note to equal the rate that the FCBT was charging its own stockholders on their loans. In light of these allegations and the inferences therefrom, we agree with the district court that the Makers could prove no set of facts that would alter the conclusions

4

that (a) they had no legal right to demand a reduction in their rate of interest as long as no action was taken by the FLBJ's receiver to change the longstanding 12.25% per annum interest rate of that institution; (b) they had no legal right to insist on any modification of the terms of their notes; (c) the proposal of the FCBT was purely gratuitous and if accepted by the Makers would, without cost or expense to the Makers, place them on an even footing with the FCBT's own member-borrowers; (d) the modifications proposed by the FCBT could only be accomplished through a bilateral amendment executed by the Makers and the FCBT; and (e) the FCBT's reduction of the rate of interest on the notes in the absence of such a bilateral modification would itself constitute a breach of contract, not the opposite as contended by the Makers, i.e., that the FCBT's refusal to reduce the interest rates on the loans unilaterally placed the FCBT in violation of the FCA and in breach of the contract. Given these conclusions that are apparent from the Makers' pleadings, we are firmly convinced that the legal position asserted by Makers in the district court —— and, even more so, their prosecution of the instant appeal —— are unmeritorious, approaching frivolousness, and thus constitute proper grist for the Rule 12(b)(6) mill. For the Makers to institute litigation of this nature and prosecute it on appeal in the face of the FCBT's gratuitous and facially fair and reasonable modification invitation impresses us as a classic example of the maxim, "No good deed goes unpunished."

For essentially the same reasons that are reflected in the district court's thorough opinion, its order dismissing the Makers' action is, in all respects.

AFFIRMED.